Dismissed and Opinion filed February 19, 2004









Dismissed and Opinion filed February 19, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00992-CV

____________

 

ARTHUR JOHNSON,
Appellant

 

V.

 

HARRIS COUNTY, TOMMY THOMAS, ET AL., Appellees

 



 

On Appeal from the 164th District
Court

Harris County, Texas

Trial Court Cause No.
02-56878

 



 

M E M O R A N D U M  O
P I N I O N

This is an appeal from a judgment signed July 21, 2003.  No clerk=s record has been filed.  The clerk responsible for preparing the
record in this appeal informed the court appellant did not make arrangements to
pay for the record.  

On December 15, 2003, notification was transmitted to all
parties of the Court's intent to dismiss the appeal for want of prosecution
unless, within fifteen days, appellant paid or made arrangements to pay for the
record and provided this court with proof of payment.  See Tex.
R. App. P. 37.3(b).








Appellant=s response to our notice of intent to dismiss reveals either
that appellant is misleading this court regarding the attachment of affidavits
of indigence and certificates of service to documents, or that appellant is
merely re-filing the same certificates of service and affidavits on multiple
documents filed in the trial court.

Attached to appellant=s response is a copy of a certificate
of service and AAffidavit of Inability on Appeal@ dated May 30, 2003.  It is unclear whether this certificate and
affidavit are intended to be part of the response.  If this certificate and affidavit are
separate and intended to be an exhibit, there is no statement advising the
court when this certificate and affidavit were allegedly filed and to which
document they were originally attached. 
Exhibit A to the response is a document filed on April 22, 2003, and
entitled, AOriginal Copy Trancript [sic] Copy
To: Courts of Appeal *Notice of Appeal@ Designation of Record on Appeal.@ 
On the last page of this document is a certificate of service, signed by
appellant, but not dated.  This last page
has a Bates stamp number of 11.  The next
page, which is not obvioulsy part of the document is an affidavit by appellant,
dated May 2, 2003, and file-stamped on May 12, 2003, a date more than 3 weeks
after the filing date of the document to which it is attached.  Moreover, the affidavit bears a Bate stamp
number of 5.  The previous page has a
Bates stamp number of 11.  Accordingly,
although appellant has attached this affidavit to the document filed April 22,
2003, the affidavit dated May 2, 2003, could not have been originally attached
to the document.  The next page is a copy
of another certificate of service and AAffidavit of Inability on Appeal,@ dated May 30, 2003.  This page bears a Bates stamp number of
4.  Accordingly, this certificate and
affidavit were likewise not originally attached to the document.








Exhibit B to appellant=s response is a copy of a petition
for writ of mandamus appellant filed in this court on November 25, 2003.  Attached to this petition are several
documents, including a document entitled, APlaintiff=s Motion to Set Aside all Order=s [sic] and Motion to Reinstate Cause
or in the Alternative Notice of Appeal to the Clerk.@ 
This document is file-stamped July 25, 2003.  At the bottom of the title page is a
signature and certificate of service, dated May 30, 2003, that are exact
duplicates of the signature and certificate of service attached to document in
Exhibit A.

The next document included in Exhibit B is a document,
entitled AMotion to Set Aside Orders-7/21/2003
and Motion for Rehearing on Motion-to-Dismiss, Not-Served on-Plaintiff- and/or
Motion to Reinstate and Set Aside Order or Motion for New Trial-or in the
Alternative Notice of Appeal-if Prior Motions -Denied.@ 
This document bears two file stamps, both in July 2003, only one of
which is legible and reads July 25, 2003. 
This motion contains several attachments, including a certificate of
service and AAffidavit of Inability on Appeal,@ both signed May 30, 2003.  This certificate and affidavit are exact
duplicates of the certificate and affidavit allegedly attached to the document
in Exhibit A.

Because we are unable to determine that appellant failed to
file an affidavit of indigence with his notice of appeal, we turn to the
substance of the affidavit appellant allegedly filed.  This affidavit does not meet the  requirements of Rule 20.1(b).  In civil cases, an affidavit of indigence
must include the party=s name and the amount of costs the party can pay, if
any.  Tex.
R. App. P. 20.1(b).  The affidavit
must also include the following: 

(1) the nature and amount of the
party=s current employment income,
government-entitlement income, and other income;

(2) the income of the party=s spouse and whether that income is
available to the party;

(3)real and personal property the
party owns;

(4) Cash the party holds and amounts
on deposit that the party may withdraw;

(5) the party=s other assets;

(6) the number and relationship to
the party of any dependents;

(7) the nature and amount of the
party=s debts;








(8) the nature and amount of the
party=s monthly expenses;

(9) the party=s ability to obtain a loan for court
costs;

(10) whether an attorney is providing
free legal services to the party without a contingent fee; and 

(11) whether an attorney has agreed
to pay or advance court costs.  

Tex. R. App. P. 20.1(b). The affidavit merely states that he is unable
to pay costs.  The next page, which is
not sworn or dated, lists the 11 items from Rule 20.1(b) and answers each in
the negative.  However, these items are
not part of the affidavit of indigence. 
Accordingly, the affidavit is insufficient.  Because appellant failed to file a proper
affidavit of indigence, we find no merit to appellant=s response to our notice of intent to
dismiss.      

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

Judgment rendered and Opinion
filed February 19, 2004.

Panel consists of Justices Fowler,
Edelman, and Seymore.